VICKSBURG & MERIDIAN RAILROAD COMPANY vs. R. D. HOWE.

1. RAILROAD : *Liability for damages to passengers. Case in judgment.*
H. was a passenger on the Vicksburg & Meridian Railroad, from Vicksburg to Jackson. About midnight the train encountered a wrecked freight train. The night was dark and rainy. The passengers were transferred to a train beyond the wreck. To reach this train a ditch about three feet deep had to be crossed. Across it was placed a plank, but no light was stationed by it by the employés, nor any warning of it given to the passengers. H., in attempting to cross it, fell and broke his leg, causing him to suffer much pain, lose time, etc. He thereupon sued the road for damages. *Held*, that the failure to place a light at the crossing of the ditch, or to give any warning thereof, or to take some means to guard passengers against injury from the extra hazard to which they were exposed in crossing, was such negligence as would render the company liable for any injury sustained by passengers in crossing.

ERROR to the Circuit Court of *Warren* County.

Hon. GEO. F. BROWN, Judge.

The facts in the case are sufficiently stated in the opinion of the court.

On the trial of this cause the court, among other instructions, gave for the plaintiff the following :

1. " That railroads, as carriers of passengers, are bound to the utmost care and diligence of very cautious persons, and are responsible for any, even the slightest, neglect. They are held to the strictest responsibility for care, vigilance, and skill on the part of themselves and all persons employed by them, and for safety, sufficiency, and soundness of their road-bed,

track, and machinery.   They are bound to keep their road-bed and track in good repair and free from obstructions.   The fact of a train having run off, or of an obstruction being on the track, is *prima facie* evidence of negligence, and casts the burden of proof on them, in an action for injuries sustained in consequence thereof, to show that they were not guilty of negligence."

The following errors are assigned, to wit:

1. The court erred in overruling the motion for a new trial.

2. In rendering judgment for plaintiff on the verdict of the jury, and in allowing evidence to go to the jury as to the items of damages sustained, there being no itemized account thereof filed with the declaration.   Code, § 580.

3. In giving for plaintiff in the court below the 1st, 2d, 3d, 4th, and 5th instructions, and in modifying the first instruction asked by defendant.

4. In entering judgment upon the verdict of the jury.   The declaration disclosing no ground of action against the railway company, judgment should have been given for defendant or for a nonsuit.

*W. L. Nugent,* for plaintiff in error:

Insisted that upon the facts in the case the railroad is not liable for the damage sustained.   An impracticable degree of skill and diligence is not to be required.   Redf. on Railways, pp. 469, 470.   The rule is fully stated in Tuller *v.* Talbot, 23 Ill., 357.   See Bowen *v.* N. Y. C. R. R., 18 N. Y., 408.

If a stranger place obstructions on the track, and thereby an accident occurs, the company is not responsible for the consequences unless its agents have been remiss in not discovering them.   Curtis *v.* Rochester & Syracuse R. R., 18 N. Y., 534. See 26 Ill., 373.   The plaintiff had his leg broken in going from one train to the other, and had nothing to do with the obstruction or the accident which occasioned it.   The negligence of the company, or no negligence, as connected with that accident, is neither directly nor remotely connected with the

injury complained of; therefore the first instruction for plaintiff should have been refused. The instructions are vague. The 4th is indefinite, as it refers to the preceding charges to give it point; the 5th is objectionable and not applicable to the facts, as all the others—general rules of law of themselves, without noticing or calling the attention of the jury to the exceptions to the rules, rendered necessary by the peculiar facts in this case. Railway Company v. Hendrick, 40 Miss., 374; Cohen v. Hunt, 2 S. & M., 227; Ellis v. Com. Bk. Natchez, 7 How., 294; Lanby v. Harper, 37 Miss., 299; Myers v. Oglesby, 6 How., 46; Powell v. Mills, 37 Miss., 691; Jarnigan v. Henry, 43 ib., 710; O'Kelly v. Hendricks, 2 S. & M., 388; Payne v. Green, 10 ib., 507; Wiggins v. McGrimpsey, 13 ib., 532; Lambard v. Martin, 39 Miss., 147; Henderson v. Bryant, ib., 335.

*Buck & Clark*, for defendant in error:

The instructions for the plaintiff were asked and given as a *series*, and will be found, we think, to state the rules governing the defendant's liability with due conservatism. The first is undoubtedly correct in principle. Taylor v. Grand Trunk R. R., 48 N. H., 304; s. c., 2 Am. Rep., 229; Miss. Cent. R. R. v. Miller, 40 Miss., 45; N. O., J. & G. N. R. R. v. Allbritton, 38 ib., 274, 275. And as to the rule of evidence: Angell on Cor., § 569; Shear. & Redf. on Neg., § 280; Ill. Cent. R. R v. Phillips, 49 Ill., 234; Same v. Same, 55 ib., 194; M. & C. R. R. v. Whitfield, 44 Miss., 466.

The facts in the case last cited are somewhat similar to those in the case at bar. The obligation to render assistance to passengers in cases of accidents, or under other unusual circumstances, is well settled. M. & C. R. R. v. Whitfield, 44 Miss., *supra;* Shear. & Redf. on Neg., §§ 275, 278. In cases like this the greater the danger the greater the diligence required. Knight v. Portland R. R., 56 Me., 234; Warren v. Fitchburg R. R., 8 Allen, 227; Buffit v. Troy R. R., 36 Barb., 420; 2 Redf. on Railways, § 193.

CAMPBELL, J., delivered the opinion of the court.

On the 30th of March, 1872, defendant in error was a passen-- ger on the cars of plaintiff in error from Vicksburg to Jackson, and when the train he was on came within two or three miles of Jackson it was stopped by a wrecked freight train on the track. After some delay it was announced that all who desired to· go could do so by walking around the obstructions to a train beyond them, being, as it was found, a distance of 900 or 1,000· feet from the train on which defendant in error was.    The night was dark and rainy, and the ground was wet and slippery.    It, was about midnight.    The ground to be walked over was nearly level, but there was a considerable pile of wood thrown from the cars, which had to be passed over, and there was, not, far from the train on the Jackson side of the wreck, a ditch or· ravine some three feet deep and a few feet wide, which had to be crossed by passengers, and over· this was laid one or more planks, but of what width or how many is not shown.    The route to be traversed by passengers from one train to the other·· had been inspected by the conductor, and was regarded by him as entirely safe.    He caused a fire to be built of pine, not very far from the crossing of the ditch, and there were many lan-- terns in the hands of different employés scattered about.    One witness says there were twelve lanterns lighted.    The con-- ductor was not far from the pile of wood, with his lantern so held as to light persons over it.    There was no person stationed at the crossing of the ditch aforesaid, nor was·there any light placed there, nor any special warning given of the ditch or· the means of crossing.    There were some thirty passengers,. and all crossed in safety except defendant in error, who fell in crossing and broke his leg, from which he suffered much. pain, as well as loss of time, and incurred considerable expense. The conductor of the passenger train, and all the employés. on that train, as well as those in charge of the wrecked train, were competent, skillful, and prudent, and testified that those on the passenger train did everything in their power· to promote the safe passage of persons around the wreck to the train which

was to carry them to Jackson, and, besides the employés connected with the several trains mentioned, there were about twenty-five extra hands engaged in assisting to make the transfer of passengers and baggage from one train to the other.

Upon this state of facts the action of defendant in error against plaintiff in error for damages for the injury he sustained, as related above, was tried, and resulted in a verdict in his favor for $1,000.

The first instruction given for plaintiff below is liable to criticism, but we do not think it could have misled the jury. The other instructions for plaintiff are free from objection, and exceedingly liberal instructions were given for defendant below, and, in our opinion, plaintiff in error cannot justly complain of the instructions as a whole. The case was properly made to turn on the question whether there was any want of due care on the part of the servants of plaintiff in error in effecting the proposed transfer of the passengers from one train to the other. This question was fairly submitted to the jury, which took a very just view of the matter, and rendered a verdict for plaintiff for a moderate sum. The conductor of the train failing to place a person with a light at the crossing of the ditch spoken of, or to give warning of it, or to take some means to guard passengers against injury from the extra hazard to which they were exposed in crossing, was properly regarded by the jury as negligence, making the company responsible for damages for any injury suffered by a passenger in crossing. The conductor recognized the necessity for lights, and the propriety of placing himself, with his hand-lamp, to assist passengers over the pile of wood ; but, although he had at hand a large number of extra employés, and as many as twelve lighted lamps, he neglected to place one at the crossing of the ditch, where it was so much needed.

The judgment is affirmed.