'CLIFFORD BALDWIN ET UX. *vs.* THE FAIR HAVEN AND WESTVILLE RAILROAD COMPANY.

Third Judicial District, New Haven, January Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

In an action against a street railway company for damages on account of personal injuries sustained while alighting from its car at a transfer point, the plaintiff alleged that the place of transfer was dangerous owing to the crowded condition of the street, to the short time allowed by the defendant in which to change cars and the liability of a passenger to injury from his fellow-passengers, especially by those who carried packages and bundles, in their hurried efforts to change cars in time, and that for these reasons the presence of a conductor or other suitable person, on each car, was necessary to protect passengers from being injured, all of which the defendant well knew; that the car on which the plaintiff was riding was negligently abandoned by its conductor just before reaching the transfer point, and that the plaintiff in attempting to alight was violently and forcibly pushed forward from behind by a passenger carrying bundles and parcels, in his great haste to alight from the car, and thrown down in the street, etc. The defendant de-

murred because it did not appear from the complaint that the company had any reason to anticipate any assault upon or injury to the plaintiff, or that the carrying of bundles by passengers would cause the injury complained of. *Held* that the complaint set forth a cause of action for negligence and that the trial court erred in sustaining the demurrer.

[Argued January 21st—decided February 23d, 1897.]

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the court, *Shumway, J.*, upon the defendant's demurrer to the complaint; the court sustained the demurrer and rendered judgment for the defendant, and the plaintiff appealed for alleged errors in the rulings of the court. *Error and judgment reversed.*

The amended complaint was as follows:

" On the 4th day of February, A. D. 1895, the defendant was managing and operating a street railroad in the town of New Haven, and in particular along and at a point in Chapel Street in said city of New Haven where said street is intersected by State Street, and was running cars thereon propelled by the power of electricity. 2. On said February 4th, 1895, the plaintiff, Elizabeth Baldwin, was a married woman residing in said town of New Haven, and was pregnant with child, to wit, was in the fifth month of her pregnancy. 3. On the evening of said last mentioned day the plaintiff entered a passenger car of the defendant in said town of New Haven, for the purpose of being carried from the corner of Chapel and Chestnut Streets to Front Street, Fair Haven, and paid her fare, and then became and was accepted as a passenger in one of the cars of the defendant's railroad, for the purpose aforesaid. 4. At the time the plaintiff boarded said car it was in the care, custody and control of a conductor, to whom the plaintiff stated her desire to be carried from said corner of Chapel and Chestnut Streets to said Fair Haven, whereupon the conductor gave her a transfer ticket entitling her to the passage aforesaid, and gave transfer tickets to other passengers. 5. At said intersection of State and Chapel Streets the defendant's cars met, coming from four different

directions, and transfer tickets are given to passengers who are compelled to change cars at this point to be carried in any of four directions, to wit: Fair Haven, Westville, East Haven, or to the depot of the New York, New Haven & Hartford Railroad Company, and at said point most of the passengers in the cars of the defendant do change cars, and after the arrival of the cars said cars remain but a moment or two. 6. Said point is in the center of the city, and a large number of teams for passengers and trucking are continually passing said point, which said passengers have to avoid in passing from car to car; and by reason of the short time said cars stop and the hurried action of said passengers in so changing from car to car, and by reason of the crowded condition of said street, the act of changing cars is exceedingly dangerous both from the liability to injury from passing teams and from passengers in said cars in their hurry to change from car to car, and the passengers are in great danger of being pushed and jostled and injured by other passengers, and in particular by passengers who carry packages, parcels and bundles, and said point in the defendant railroad is an exceedingly dangerous one, and the presence of a conductor on each car is absolutely necessary for the safety and security of its passengers to protect them from being pushed, jostled, assaulted and injured by passengers who are in the act of alighting and changing cars at said point, all of which is well known to the defendant. 7. The particular car in which the defendant was riding contained passengers who had just arrived from New York by steamboat at Belle Dock, one of whom carried large bundles and parcels, and others satchels and parcels, all of which was known to and open to the full view of the defendant, and who notified the defendant of their intention to change cars at said intersection of State and Chapel Streets, and received transfer tickets therefor. 8. When the car upon which the plaintiff was riding arrived at the intersection of the streets mentioned in the preceding paragraph, it was stopped for the purpose of enabling passengers to be transferred from said car to other cars of the defendant company going in the other directions. 9. Contemporaneous

with the arrival of said car at said intersection of State and Chapel Streets, and before said car had come to a complete standstill, and before any of the passengers thereof did alight, or had a chance to alight, the conductor in charge of said car jumped from the rear platform thereof, abandoned said car, ran in the direction of State Street, and was lost to view. 10. As a result thereof the car upon which the plaintiff was a passenger was thus carelessly and negligently abandoned, and was left and exposed wholly and entirely without any conductor or other proper official to care for, protect and provide for the safety and security of the passengers thereof; and the passengers on said car were thus carelessly and negligently abandoned and left without any conductor or other person in authority to aid and assist them in alighting and changing cars with reasonable safety, security and protection, and with reasonable freedom from danger from within and without. 11. Then and there and as a consequence of the careless and negligent conduct of the defendant in abandoning said car and in failing to provide a conductor or other suitable person to take charge of said car, the plaintiff while in the act of alighting from the steps of said car, and in the exercise of due care, was violently kicked in the back and forcibly pushed forward from behind by the passenger carrying said bundles and parcels by reason of the carrying thereof by said passenger, and hurled down in and upon the street by the passenger carrying said bundles and parcels, who was in great haste to alight from said car, whereby the plaintiff was cast down and fell upon her left side, hips, body and arm."

The defendant demurred to the foregoing complaint for the reasons following :—

" 1. It does not appear that the plaintiff's condition was known to the defendant, or that she was exposed to dangers other than such as are ordinarily incident to leaving one car and taking another, with other passengers, at a transfer point. 2. It does not appear that at the time and place of the injury the defendant had any reason to anticipate any assault upon or injury to the plaintiff. 3. It does not appear that the

company had reason to anticipate that either the traffic in the street or the carrying of bundles by passengers would cause the injury complained of.   4. It does not appear that the conductor was not justified in leaving the car."

*Jacob P. Goodhart* and *Robert C. Stoddard*, for the appellants (plaintiffs).

A carrier is liable for injuries inflicted by one passenger upon another, or willful misconduct, as where he is jostled or thrown from the car by others in their haste to leave it, when the conductor fails to make proper precautions.   Booth on Street Railways, § 374; *Kreuson* v. *42d St. etc. Ry.*, 13 N. Y. Supp. 588; *Lott* v. *N. O. City Ry.*, 37 La. Ann. 337; *McCabe* v. *Manhattan Ry. Co.*, 6 N. Y. Supp. 418; *Sheriden* v. *Brooklyn Ry. Co.*, 36 N. Y. 39; *Holly* v. *Atlanta St. Ry. Co.*, 61 Ga. 215.   The defendant had reason to anticipate that the passengers who intended to transfer at this point would hasten and rush from the car, and would push and jostle against each other; and it was quite possible that an accident of this kind would occur.   It is not necessary that the defendant should have reason to anticipate that this identical injury would occur to this plaintiff.   If the defendant had reason to anticipate that some accident might happen to any of the passengers at this place and time, then they are liable. *Flint* v. *Norwich Transportion Co.*, 34 Conn. 554.   The burden is on the defendant to prove that the conductor was justified in abandoning the car and its passengers in a dangerous place, and not on the plaintiff to prove the lack of such justification.   *Boies* v. *Hartford & N. H. R. R. Co.*, 37 Conn. 277.

*George D. Watrous* and *Harry G. Day*, for the appellee (defendant).

In order to hold a common carrier liable to a passenger for injuries received from a fellow passenger, it must appear that said carrier could, by the exercise of reasonable diligence, have anticipated and prevented said injuries.   *Ill. Cent. R. R. Co.* v. *Minor*, 69 Miss. 710, 721, 722; 11 So. Rep. 101,

103; 2 Wood on Railroads (Minor's Ed.), 1366; *Pounder* v. *N. E. R'y Co.*, 1 Q. B. Div. 385, 388, 390, (1892). If a passenger in the act of alighting is injured by the rude and hasty act of a fellow passenger, the carrier is not liable. *Ellinger* v. *Phila., W. & B. R. Co.*, 153 Pa. St. 213; *Graeff* v. *Phila. etc., R. R. Co.*, 161 id. 230. In order to raise a duty to assist or otherwise protect a passenger, it must appear that the conductor could, by the exercise of reasonable diligence, have anticipated danger other than such as is ordinarily incident to travel in public conveyances. *Flint* v. *Norwich Transportation Co.*, 34 Conn. 554, 557; *Mullen* v. *Wisc. Cent. R'y. Co.*, 46 Minn. 474; *Putnam* v. *B'way & Seventh Ave. R. R. Co.*, 55 N. Y. 108, 116, 118, 119; *Glyn* v. *N. Y. & Harlem R. R. Co.*, 85 Hun, 408; *Van Winkle* v. *Brooklyn City R'y*, 46 id. 564; *Cleveland* v. *New Jersey Steamboat Co.*, 125 N. Y. 299, 306, 307; *Louisville & N. R. R. Co.* v. *McEwan* (Ky.), 31 S. W. Rep. 465, 466.

ANDREWS, C. J. In the case of *Flint* v. *Norwich, etc., Transportation Co.*, 34 Conn. 554, it is laid down that "carriers of passengers for hire are bound to exercise the utmost vigilance and care in maintaining order and guarding those they transport against violence from whatever source arising, which might be reasonably anticipated, or naturally expected to occur, in view of all the circumstances, and of the number and character of the persons on board." See also *Murray* v. *Lehigh Valley R. R.*, 66 Conn. 512. In *Pendleton* v. *Kinsley*, 3 Cliff. 416, 417, the court said: "Passengers do not only contract for room and transportation, but for good treatment, and it is the duty of the owners to use due care and exertion to protect them from any degree of violence, or any kind of abuse or ill-treatment from other passengers, or the owners' servants or other persons coming on board during the trip. The principal in this class of cases is liable for the misconduct of the employee, when it occasions injury to the passenger, whether arising from malice or neglect."

These authorities furnish the rule of duty which the de-

fendant in this case was by law bound to observe towards the plaintiff. If, then, the complaint states a case coming fairly within such rule, the demurrer should have been over-ruled. Let us examine it.

The defendant is a carrier of passengers for hire. It is stated in the complaint that in the evening of the day named, Mrs. Baldwin, the plaintiff, was accepted by the defendant as a passenger to be carried a continuous trip from the cor-ner of Chapel and Chestnut Streets in New Haven to Front Street in Fair Haven, and that she paid her fare therefor. A part of this trip was in Chapel Street and a part in State Street. At the intersection of these streets passengers who desired to make such a continuous trip are transferred; that is, they are required to alight from one car, walk a little dis-tance and enter another car. The continuous trip over which the defendant had so contracted to convey the plaintiff, in-cluded this transfer; and it is stated that the place of this transfer is dangerous by reason of the great number of vehicles constantly passing and repassing there, and that by reason of the short time allowed for the transfer, passengers are hurried in changing from one car to the other, and are in great danger of being injured by other passengers, espe-cially by those who carry bundles or packages; and that the presence of a conductor or other suitable person at that place is absolutely necessary to protect passengers from being injured; *all of which was well known to the defendant.* The complaint avers further, that on the car in which she had so taken passage in Chapel Street, there were divers other pas-sengers who carried bundles, packages, etc., who notified the conductor of the car that they were to be transferred at said intersection; that just before the said car reached said point of transfer, the conductor left it, and there was no person left in charge of it to guard passengers from injury while being so transferred; and that in consequence of the said abandon-ing of the car by the conductor, the plaintiff while alighting from the car and in the exercise of due diligence, was injured. by another passenger carrying bundles, etc.; that she was kicked in the back and forcibly pushed forward from behind,

by a passenger carrying bundles who was in great haste to alight from said car to make the transfer, and was thrown down in the street, etc., etc.

In testing the legal sufficiency of these averments, it must be remembered that Mrs. Baldwin, while stepping down from the car in which she had been riding, was still a passenger of the defendant. That transfer was a part of her trip, for the whole of which the defendant had agreed to convey her in safety, and because she was so a passenger the duty of the defendant to protect her from danger continued. The averments seem to us to bring the case very clearly within the rules as laid down in the cases we have cited.

The delicate condition of the plaintiff at the time is stated; but we do not understand the pleader intended to claim that the defendant owed her any higher degree of care than it owed any other passenger.

One specification of the demurrer is that the defendant had no reason to anticipate an assault on the plaintiff by any other passengers. Counsel argue that the word "kicked" means a wanton and sudden blow with the foot by another passenger, which they had no reason to anticipate, and against which they were not required to provide. The word "kicked" may mean what the plaintiff claims. We have no occasion to discuss this point, because we think there is enough alleged in the other part of the paragraph to entitle the plaintiff to maintain the action.

Another specification is that the defendant had no reason to anticipate that the carrying of bundles, etc., would cause injury. This specification cannot be sustained. The exact contrary is alleged. The complaint sets out with considerable fullness the reasons why the carrying of bundles, etc., by some passengers, would be likely to cause injury to other passengers, and then it is averred that all these things were well known to the defendant. If they knew this, they were bound to provide against the danger, the existence of which is admitted by the demurrer. It is also alleged that there were passengers on this car who had bundles and who had notified the conductor of their intention to be transferred, so

that the conditions of danger existed on that car and were known to the conductor. He was therefore called on to exercise special care that no injury should be done to the plaintiff.

There is error and the judgment is reversed.

In this opinion the other judges concurred.