[No. 5118.]
[No. 2701 C. A.]

## The Colorado Springs & Cripple Creek District Railway Company v. Petit.

**1. Railroads—Injuries to Passengers—Negligence—Evidence.**

Where, in an action for injuries to a passenger by stepping into a hole dug by the side of an electric railway track for a trolley pole, while transferring at night from one car to another, evidence that defendant's railway was operated by electricity, and that the hole was close to defendant's track and was dug for a trolley pole, was sufficient to justify the conclusion by the jury, in the absence of evidence to the contrary, that defendant dug the hole.—P. 328.

**2. Railroads—Injuries to Passengers—Negligence—Evidence.**

Where a passenger was injured by stepping into a hole dug by the side of an electric railway track for a trolley pole, which must have been dug not later than the day before the night of the accident which happened at 2 o'clock in the morning, and the railway company knew that the place where the hole was dug would be traveled by its passengers during the night in transferring from one car to another, the company was negligent in not using reasonable care to guard against the danger.—P. 329.

**3. Railroads—Injuries to Passengers—Negligence—Relation of Carrier and Passenger.**

Where plaintiff, a passenger on an electric railway, was compelled to alight in order to transfer from one car to another over a place where the track was being repaired, the relation of carrier and passenger continued to exist while plaintiff was passing from one car to another so as to require defendant to exercise reasonable care in having the right of way in a reasonably safe condition.—P. 329.

**4. Railroads—Injuries to Passengers—Negligence—Evidence.**

Where an electric railway passenger was injured at night by stepping into a hole dug for a trolley pole as he was transferring from one car to another, such transferring being made necessary on account of repairs being made in the track, proof of such facts established a prima facie case of negligence against defendant company.—P. 329.

**5. Railroads—Injuries to Passengers—Negligence—Personal Injuries—Damages.**

Where a plaintiff received severe injuries to the knee joint by stepping into a hole dug for a trolley pole along the line of

an electric railway, and the upper and front portion of the ligaments of the knee were torn loose and the muscles were seriously sprained, and in consequence thereof, the person injured was confined in bed for a week, and suffered great pain for two weeks, and some pain thereafter, and he continued on crutches for sixty days, and was unable to .work for eighty-three days, and to some extent his injuries were permanent, and he also paid twenty-five dollars for surgeon's services, a verdict for one thousand dollars was not excessive.—P. 330.

6.  Railroads—Injuries to Passengers—Pain and Suffering—Negligence.

In an action for damages for personal injuries received on account of the negligence of defendant company, an instruction authorizing the jury to consider the pain suffered by plaintiff in consequence of such injuries in estimating the damages sustained is proper.—P. 330.

*Appeal from the District Court of Teller County.*
*Hon. Wm. P. Seeds, Judge.*

Action by N. S. Petit against The Colorado Springs & Cripple Creek District Railway Company. From a judgment for plaintiff, defendant appeals.                                *Affirmed.*

Mr. P. H. Holme, Mr. E. E. Whitted, and Messrs. Lunt, Brooks & Wilcox, for appellant.

Messrs. Temple & Crump and Messrs. Wells & Chiles, for appellee.

Mr. Justice Gunter delivered the opinion of the court:

Action to recover damages for personal injuries. Verdict and judgment for plaintiff. Defendant appeals.

The evidence, sufficient for the jury, tended to show the following facts: Defendant was operating an electric railway between Cripple Creek and Victor, this state; plaintiff was a passenger for hire

thereon; defendant had been repairing a section of this road between said points, and, temporarily, this section, to the extent of about 250 feet, was not in use; when the car in which plaintiff was riding reached, on its way to Cripple Creek, this section of the road, the passengers were instructed to change cars; this was done by walking over the section under repair and taking another car; plaintiff, in making the change, left his car, and started along the railway toward the Cripple Creek car; the hour was dark, and the way dimly lighted; plaintiff walked the ties for some distance, but the traveling there being unsafe because of the absence of ballast and the ties being elevated above the ground, he abandoned the ties, and took the ground immediately outside the rail; when about 100 feet from the Cripple Creek car, he stepped into an open hole made for a trolley pole, and sustained serious injuries at the knee joint; as stated, he had a verdict and judgment for damages so sustained.

1.   It is said there was an absence of proof that defendant was negligent in this: There was no evidence that defendant dug the hole into which plaintiff stepped, or that the hole had existed a sufficient time to charge defendant with notice of its presence.

There was evidence that the defendant's railway was electric; there was evidence that the hole was close to defendant's track, and dug for a trolley pole.

We think such evidence, in the absence of explanation, justified the conclusion that defendant dug the hole.

Further, the accident was about 2 o'clock in the morning. The hole must have been dug not later than the preceding day, and was uncovered when the accident occurred.

Defendant knew that the way would be traveled by its passengers in the darkness of the following night. It was guilty of negligence in not using reasonable care to see that the way was reasonably safe before the night came on. If it had exercised such care, it would have discovered the presence of the hole, and would have rendered it safe. Defendant, therefore, was charged with notice of the defective condition of the way.

Further, the relation of carrier and passenger existed between plaintiff and defendant when he was passing from one car to the other, and it was the duty of defendant to use reasonable care to have the way over which plaintiff was to pass in a reasonably safe condition.—*Chicago & A. R. R. Co. v. Winters,* 175 Ill. 293; *St. Louis S. W. R. Co. v. Griffith,* 12 Tex. Civ. App. 631; *Baltimore & Ohio R. R. Co. v. The State,* 60 Md. 449, 463.

As the relation of carrier and passenger existed while the plaintiff was passing over this way, and as the way was in an unsafe condition, and from such condition the accident resulted, a *prima facie* case of negligence was made out against defendant, and the burden was then upon it to show the absence of negligence in the unsafe condition of the way.—*Denver Cons. Tramway Co. v. Rush,* 19 Colo. App. 70, and authorities there cited.

There was no evidence to overcome this *prima facie* case.

2. It is contended that plaintiff was guilty of such contributory negligence as to bar a recovery.

It would serve no useful purpose to go into the details of the evidence on this point. It must suffice to say that, under the evidence, the question of contributory negligence was one of fact for the jury, and they resolved it for plaintiff.

3. It is said the award was excessive. This was in the amount of $1,000.00.

A severe injury was done to the knee joint, the upper and front portion of the ligaments thereof being torn loose, and the muscles in that region seriously sprained. In consequence, plaintiff was confined to his bed for one week, suffered great pain for about two weeks, and has suffered more or less pain since, and it is uncertain how long, at times, he will suffer pain from this injury. Plaintiff went upon crutches for sixty days, was unable to work for eighty-three days, and, to some extent, his injuries are permanent. Plaintiff has paid the surgeon in charge of his case $25.00.

"It is exclusively the province of the jury to estimate and assess the damages; and the amount to be allowed in such cases as this rests largely in their sound. discretion. They are to take into consideration all the direct consequences of the injury received, such as bodily pain suffered, the loss of time and pecuniary expenses occasioned thereby, and the permanent injuries, if any, resulting therefrom." —*Wall et al. v. Livezay*, 6 Colo. 465, 474.

We are not justified in disturbing the verdict of the jury on this point.

4. No error was committed by the court in charging that the jury should take into consideration the pain suffered as a consequence of the injury in estimating the damages sustained therefrom.—*Wall v. Livezay, supra.*

The record is free from reversible error.

Judgment affirmed.                    *Affirmed.*

Chief Justice Gabbert and Mr. Justice Maxwell concurring.