*T. J. O'Connor, J. B. Carroll, & W. H. McClintock,* for the plaintiff.

---

MARY POWERS *vs.* OLD COLONY STREET RAILWAY COMPANY.

EDWARD POWERS *vs.* SAME.

Plymouth.    January 12, 1909. — February 24, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Street railway, Invited person, Trespasser.    *Street Railway.    Carrier.    Passenger.    Evidence,* Relevancy and materiality.

At the trial of an action against a street railway company to recover for personal injuries alleged to have been received by the plaintiff while on a dark night she was passing at the invitation of the defendant around an obstruction, which had been erected in the line of the defendant's railway in the course of the abolition of a grade crossing of a railroad with the street upon which the defendant's tracks were laid, from a car of the defendant upon which she had been a passenger along a path across land owned by a third person to another car of the defendant, for the purpose of continuing her journey, there was evidence tending to show that the distance between the cars by the path taken was about five minutes' walk while the distance by the nearest highway was about a mile and a half, that the conductor of the first car directed the plaintiff and other passengers to "change to the forward car," that the motorman led the way along the path, that there were along the path electric lights maintained and controlled by the defendant, that the conductor told the plaintiff and the others as they were passing along the path to hurry up, because it was a mail trip, that the plaintiff had been over the path five or six times before in the daytime, that the path, which had been worn by former passengers, was rough and rocky and irregular, and that the plaintiff struck her foot against a rock and fell and was injured. *Held,* that there was evidence from which the jury were warranted in finding that the plaintiff was in the exercise of due care and that the defendant was negligent.

*It seems,* that, where the route of a street railway is obstructed by work which is being carried on in the abolition of a grade crossing of a railroad with a highway, and the distance by the nearest highway between the portions of the street railway track separated by the obstruction is a mile and a half, the street railway company is relieved from its obligation to carry passengers over the obstructed part of its route, and may decline to continue in any relation to them

after they leave the car on one side of the obstruction. *Whether,* if by invitation of the street railway company passengers upon leaving its car under such circumstances proceed to the car on the other side of the obstruction by a five minutes' walk on a path lighted by the company across land of a third person and without his express permission, they are passengers of the company while so proceeding, was not decided, no exception having been taken to a ruling of the trial judge that they were not passengers under such circumstances.

Evidence, introduced at the trial of an action against a street railway company by one who was injured while passing along a path from one car of the defendant to another, and tending to show that the route of the defendant along a certain highway had been interrupted by reason of work being carried on in the abolition of a grade crossing of the highway with a railroad, so that the distance by the nearest highway between the parts of the company's tracks separated by the obstruction was about a mile and a half, but by a path across nearby private land it was about a five minutes' walk, that the owner of such land did not give to the company any legal right to use his land, but that the defendant established and maintained electric lights along the path, and that its passengers had used the path for several weeks before the plaintiff was injured, that, when the car upon which the plaintiff was reached the obstruction, the conductor called out "All change to forward car," and that the motorman led the way along the path, is sufficient to warrant a finding that the defendant invited the plaintiff to use the path and assumed the obligation to make reasonable provision for his safety, having reference to existing conditions.

Where a street railway company invites its passengers to pass from a car on one part of its railway to one on another part over a certain path and one who was such a passenger is injured because of a defective condition of the path, which was known to the company, the company is liable to such person although the path is over land which the company does not own and to the use of which it has no legal right.

At the trial of an action against a street railway company to recover for personal injuries alleged to have been received by one who was passing along a path from one car of the defendant to another and to be due to a defect in the path, where a material question is whether the defendant invited the plaintiff to use the path, and where the plaintiff has introduced evidence tending to show that there were electric lights at various points along the path, the plaintiff may show by the testimony of the defendant's motorman on the trip in question that the electricity for the lights came from the power of the defendant, and that, on the witness's last trip over the path, the lights were shut off by the conductor.

TWO ACTIONS OF TORT, the first to recover for personal injuries received by the plaintiff therein (hereinafter called the plaintiff) by reason of alleged negligence on the part of the defendant, and the second by the husband of the plaintiff in the first case for consequential damages. Writs in the Superior Court for the county of Plymouth dated April 20, 1906.

The cases were tried together before *White*, J. The plaintiff fell over a stone in her path as she was passing through private land while in the act of changing from one car of the defendant to another, at Hingham, in the night time of December 23,

1905. The change was not rendered necessary by reason of anything which the defendant had done or had omitted to do, but by work in the abolition of a grade crossing of the Old Colony Railroad Company, which temporarily interrupted the use by the defendant company of its franchise over that part of the street where the change in grade was taking place.

There was evidence tending to show, besides the facts stated in the opinion, that the mail was carried on the trip in question, and that, as those who were passengers in the former car were going across the field to the second car, either the conductor or the motorman told them to hurry up because it was a mail trip.

After the introduction by the plaintiff of evidence tending to show that there were incandescent electric lights along the path where the plaintiff was walking when injured, the plaintiff called one Bowker, who was the motorman of the car on the journey in question, and the following questions and answers were admitted in evidence, and the defendant excepted: " Q. Where did those lights get electricity? A. They got it from the power of the railroad. — Q. What was done with those lights on your last trip? A. The lights were shut off. — Q. By whom? A. The conductor."

At the close of the evidence the defendant made various requests for rulings, the substance of which sufficiently appears in the opinion. The requests were refused, the jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*Asa P. French,* (*J. S. Allen* with him,) for the defendant.

*F. G. Bauer,* (*P. D. Dean* with him,) for the plaintiffs.

KNOWLTON, C. J. These are two actions of tort, one brought by a woman, to recover for a personal injury, and the other by her husband, to recover for the cost of medical attendance and for other expenses incurred by reason of the injury.

On the line of the defendant's railway work was going on in the abolition of a grade crossing of the Old Colony Railroad Company, such that the running of the defendant's cars was interrupted, and it became necessary for passengers to leave the cars, go around an obstruction on foot, and take other cars to continue their travel on the other side. The distance between the cars on the opposite sides of the obstruction, by the route which was regularly travelled, was about five minutes' walk.

By the nearest public highway, it was about a mile and a half. The path used led across private land for about two hundred and twenty feet, and the evidence showed that this was very rough plowed ground, with stones and other irregularities in it, upon which the passengers, by use, had worn a kind of path about four feet wide, which was more or less irregular. The accident happened in the evening, and it was dark. Some of the witnesses said it was extremely dark. The female plaintiff, hereinafter called the plaintiff, struck her foot against a large stone which projected into the path, and she fell and was injured. When the car on which she was riding reached the obstruction, the conductor called, " All change to forward car," and the motorman led the way, the passengers, about fifteen in number, following him, most of them in single file. Notwithstanding the presence of two or three electric lights maintained by the defendant not far away, and notwithstanding the fact that the plaintiff had passed over the place previously in the daytime,* we think it plain that it was a question for the jury whether she was in the exercise of due care.

The principal question is whether there was evidence of negligence on the part of the defendant. Because of the impossibility of running its cars upon the highway where the work was going on, the defendant was relieved of its obligation to carry passengers in that part of its route, and it might have declined to continue in any relation to them after they left its car on one side of the obstruction until they were received upon the car on the other side. But it did not choose to do this. The judge ruled, at the defendant's request, that the plaintiff was not a passenger while passing from one car to the other. It is questionable whether there was not evidence from which the jury might have found that the relation of passenger and carrier was continued while the passengers were passing from one car to the other. However that may be, there was evidence that the defendant voluntarily provided and pointed out a way for them, over which it invited them to pass, and thereby assumed an obligation to make reasonable provision for their safety, having

---

* The plaintiff testified that she had done so " perhaps five or six times before in the daytime."

reference to existing conditions. The fact that the defendant had not obtained from the owner a legal right to use the land did not relieve it of the obligation which arose from its relation to the plaintiff, and from the invitation which it gave her to use the place as if the defendant had hired it and provided it for the use of passengers. The defendant had established and was maintaining electric lights for the convenience of passengers walking across this land, and its passengers had been passing over the land several weeks before the accident, under circumstances which amounted to an implied invitation on the part of the defendant to go by this route. The plaintiff might well believe, from the conduct of the defendant, that it had arranged with the owner for the use of his property for this purpose. The fact that, as against the owner, they were all trespassers is immaterial. *Carleton* v. *Franconia Iron & Steel Co.* 99 Mass. 216. *Kuhlen* v. *Boston & Northern Street Railway*, 193 Mass. 341. *Cotant* v. *Boone Suburban Railway*, 125 Iowa, 46. *Vicksburg Meridian Railroad* v. *Howe*, 52 Miss. 202. *Finseth* v. *Suburban Railway*, 32 Ore. 1. *Weld* v. *New York, Lake Erie & Western Railroad*, 68 Hun, 249.

Whether the defendant properly performed its duty to make reasonable provision for the safety of the plaintiff, in view of its implied invitation to walk across private land, was a question of fact for the jury. It was for them to consider all the circumstances of the case and determine what was reasonable. The roughness and irregularity of the path, the presence of large stones in or near it, the ease or difficulty of furnishing better light, or of giving effectual warning, were all matters of fact proper for their consideration. This question was rightly submitted to the jury.

The testimony of the motorman that the electricity for the lights was furnished by the defendant, and that on the last trip the lights were shut off by the conductor tended to show that the lights were furnished and maintained and managed by the defendant. It was competent evidence of an invitation to the defendant's passengers to use this route.

*Exceptions overruled.*