SARAH PINS vs. THE CONNECTICUT COMPANY.
GEORGE PINS vs. THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, October Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

While the occupants of a street-railway car are being guided by its conductor through a wooded path around an obstruction in the highway caused by a public improvement, the relation of passenger and carrier continues, and the railway company is bound to exercise ordinary care, at least, to see that the path is made reasonably safe for such travel.

Whether one has exercised that degree of care which a reasonably careful and prudent man would have used under like circumstances, is a pure question of fact for the jury, and their verdict upon conflicting evidence will not be disturbed.

Argued October 3d—decided December 15th, 1917.

ACTIONS by a married woman and her husband, to recover damages suffered by reason of personal injuries

to the former, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried together to the jury before *Gager, J.;* verdicts and judgments thereon in favor of the plaintiffs—for the wife for $4,000, and for the husband for $675,—and appeals by the defendant. *No error in either case.*

Sarah Pins, the plaintiff in one of these companion actions, at about ten o'clock in the evening, boarded a car of the defendant at a point in the town of Orange, and, paying her fare, became a passenger thereon bound for the city of New Haven. When the car had proceeded a portion of the way it reached a section of the highway which, by reason of a public work there in progress, was impassable not only for trolley-cars but also for travel in teams and on foot as well. This impassable condition of the highway at this point had existed for several weeks. In order that travel might not be wholly obstructed, the contractor in charge of the work in the street had opened up and in a measure prepared a path for foot travelers through a wooded tract which bordered the side of the road. The defendant, when the highway became impassable, was compelled to cause its through passengers to alight from the car they had first taken and transfer to another beyond the obstruction. The only practicable method of accomplishing this transfer was for the transferring passengers to walk through the path, some three hundred and sixty feet in length. This course had been pursued for something like six weeks prior to the day in question.

When the car in which Mrs. Pins was riding arrived at the obstructed section it stopped; and the conductor directed the passengers to change to a car ahead and beyond the obstruction. He thereupon got off the car, and saying, "This way, please," led the way to

the forward car through and along the path. The passengers, of whom there were a large number, followed him. Mrs. Pins, accompanied by her daughter, was near the rear of the procession. When she had proceeded about halfway she fell and received injuries which the complaint alleged were sustained by reason of the unsuitable condition of the path, rendering it unfit for the use being made of it on account of its rough and uneven surface, the roots, twigs, and other obstructions therein, and the lack of suitable lighting.

*Harrison T. Sheldon,* for the appellant (defendant).

*Arthur B. O'Keefe,* with whom was *David E. Fitz-Gerald,* for the appellees (plaintiffs).

PRENTICE, C. J. One of the underlying questions in these cases is whether or not the defendant, at the time when and the place where Mrs. Pins received her injuries, owed her any duty in respect to the condition of the path she was traversing and its suitability for her travel over it.

The defendant contends that she had ceased to be its passenger when she alighted from the car at the transfer point, and that thereafter it had no responsibility for her safety until she should again enter a car to complete her journey. The court refused to so instruct the jury, and told them that her relation to the company as its passenger continued during the period of transfer, and that it owed her a duty in respect to her safety in the course of that transfer.

These instructions were in accord with the principles laid down by us in *Baldwin* v. *Fair Haven & Westville R. Co.,* 68 Conn. 567, 574, 37 Atl. 418, and with the decisions where analogous situations have arisen in other jurisdictions, in so far at least as they have come

under our notice.   *Powers* v. *Old Colony Street Ry. Co.;*
201 Mass. 66, 69, 87 N. E. 192; *Creenan* v. *Interna-
tional Ry. Co.,* 139 N. Y. App. Div. 863, 865, 124 N. Y.
Supp. 360, 362; *Baltimore & Ohio R. Co.* v. *State,* 60 Md.
449, 463; *Bugge* v. *Seattle Elec. Co.,* 54 Wash. 483, 491,
103 Pac. 824; *Colorado Springs & C. C. D. Ry. Co.* v.
*Petit,* 37 Colo. 326, 329, 86 Pac. 121; *Conroy* v. *Chicago,
St. P., M. & O. Ry. Co.,* 96 Wis. 243, 256, 70 N. W.
486; *Killmyer* v. *Wheeling Traction Co.,* 72 W. Va.
148, 153, 77 S. E. 908; *Colorado & A. R. Co.* v. *Winters,*
175 Ill. 293, 302, 51 N. E. 901; *Keator* v. *Scranton
Traction Co.,* 191 Pa. St. 102, 113, 43 Atl. 86.

They were also in accord with sound reason.  The de-
fendant had undertaken to transport Mrs. Pins to New
Haven.  Her contract of transportation was one which
extended beyond the place of accident.  At the time
she left the car she first boarded and was making her
way over the path for the purpose of reaching another
in which she might continue her journey, she was
subject to the reasonable direction of the defendant's
servants as to how she should proceed to reach its
end.  The place at which she alighted was not the
terminus of her trip.  She did not alight because she
had reached her destination, but in order that she
might reach it.  She alighted when she did because
she could not proceed further as the defendant's pas-
senger without so doing, and because she was directed
by the defendant's agents to do so in order that it
might be enabled to carry out its contract with her to
transport her to New Haven.  She traveled the path
under the direction of the conductor and followed his
leadership and guidance.  When she fell she was doing
just what she had been told to do to accomplish her
trip, and was just where she had been invited and
directed to be as incidental to her transportation.

These facts and circumstances certainly are suf-

ficient to impose upon the defendant a duty in respect to Mrs. Pins' safety. Whether that duty was one arising from the relation of passenger and carrier, or from that of invitor and invitee, or from both in combination, is immaterial in so far as a determination of the existence of a duty imposed upon the defendant in the matter of the plaintiff's safety is concerned. The court in its instruction appears to have derived the existence of that duty from the continued existence of the relation of passenger and carrier. Whether it was altogether right in that proposition it is unnecessary to inquire as bearing on the existence of the duty of exercising some degree of care resting upon the defendant. *Powers* v. *Old Colony Street Ry. Co.*, 201 Mass. 66, 69, 87 N. E. 192. The case last cited, by reason of the almost complete identity of its facts with those of the case at bar, and the pertinence of the observations in the opinion of the court, deserves more than a passing notice. The court held that the existence of a duty to exercise care for the safety of transferring passengers under the existing conditions was one which would arise from the conduct of the company's agent (in that case the motorman) in giving directions for transfer similar to those in the present case, and in leading the way taken to reach the car in which the trip was to be continued, and perhaps also from a continuance of the relation of passenger and carrier.

The second of the fundamental questions of the case was one as to the measure of the duty which the defendant owed to the plaintiff at the time when and the place where she was injured. Was it that of exercising that high degree of care which a common carrier of passengers ordinarily owes to them, or was it only that it use that measure of care the lack of which constitutes ordinary negligence, that is to say, reasonable

care and prudence under the circumstances? The trial court had to deal with this question; but under the circumstances presented here, and in view of the instructions under which the verdict was rendered, we are not now concerned with it. Those instructions were that the defendant's duty was confined to that of exercising ordinary care to see that the path was reasonably safe under the circumstances. Its responsibility was carefully limited to the doing of that which a reasonably careful and prudent man would do under like circumstances. The defendant surely cannot complain that too heavy a burden was imposed upon it if it owed any duty in the premises, and the plaintiff, having won from the jury a verdict in her favor under the instructions as given, has no occasion to do so.

The third question, whose determination was called for below under the instructions of the court, was one as to whether or not the defendant did in fact exercise that degree of care which a reasonably careful and prudent man would exercise under like circumstances. This was a pure question of fact, involving considerations of both surface and lighting conditions, and conflicting evidence as to both conditions. It was emphatically a question lying within the jury's province, and its conclusion in the negative was one which the trial court could not have disturbed rightfully. The same is true of other incidental questions of fact which the jury were required to pass upon, to wit, as to whether or not the plaintiff was injured in the way or to the extent claimed, and as to the compensation to be awarded her.

We find nothing in the evidence from which the jury reasonably could have found that Mrs. Pins was guilty of contributory negligence in following along, as she did, with the procession of transferring passengers led by the conductor, which was seeking the forward car

in the only practicable way to reach it and thus accomplish her journey. Neither is there anything in the record to indicate that the defendant upon the trial so claimed. The court, therefore, did not err in that portion of its charge where it told the jury, in substance, that there was neither claim of that kind made in the arguments of counsel nor evidence to support one.

The second of the above-entitled cases, being one brought by Mrs. Pins' husband to recover for expenses incurred by him as a consequence of the injury to his wife, presents the same questions as does hers, and the same considerations control the decision.

There is no error in either of the cases.

In this opinion the other judges concurred.