## E. C. DICE, Respondent, *v*. WILLAMETTE TRANS-PORTATION AND LOCKS COMPANY, Appellant.

Negligence—Passenger may Land at Intermediate Points.—A passenger for hire, traveling upon a steamboat, has a right to go ashore at any point where such boat may land, before arriving at his destination, without forfeiting his rights as a passenger to safe ingress and egress.

Appeal from Marion County. The facts are stated in the opinion.

*Hill, Durham & Thompson,* for appellant.

*Ben Hayden, Knight & Lord,* for respondent.

By the Court, Prim, J.:

This action was brought to recover damages for injuries sustained, as is alleged, through the negligence of the agents and servants of the appellant. The appellant was a corporation and the owner and proprietor of a steamboat named the "Occident," which was employed by the appellant in conveying passengers and merchandise on the Willamette river, from Portland to Independence, Oregon, for hire; and was also the owner and proprietor of a wharf at the foot of Trade street, in the city of Salem, Oregon. The appellant received the respondent into its said boat for the purpose of carrying him safely therein as a passenger from Portland to Independence, Oregon, for the usual fare. That before reaching Independence the appellant stopped its said boat at its wharf in the city of Salem, on the night of the seventh day of December, for the purpose of discharging its freight and passengers. That while it was so stopped and employed in landing its passengers, the respondent, having occasion to go ashore on business, in passing from said boat to the wharf stepped off the boat and fell, breaking his right arm and sustaining other injuries. That the night was dark and rainy, and there were no lights on the boat and wharf, or none sufficient to enable the respondent to see plainly his way ashore. The respondent was without blame, unless going ashore at that place without permission of the appellant shall be considered such.

A judgment was recovered against the appellant in the court below, from which an appeal is taken to this court.

The theory of the appellant is that respondent having employed the company to carry him safely from Portland to Independence, should have remained on the boat without going ashore at any intermediate point until the boat reached his place of destination. That when its boat stopped at its wharf at Salem for the purpose of discharging its freight and passengers, it was not obliged to furnish the respondent a safe means of egress from its boat to its wharf, although he may have had business ashore at that point; that his attempt to go ashore there was at his own risk, and that the appellant was not responsible for any injury that may have resulted to him in consequence of the accident.

At the trial of the case the court was requested by the appellant to instruct the jury as follows: "If you find that the plaintiff took passage on the defendant's boat at Portland for the town of Independence, and that he attempted to land at a way port without the permission of the defendant, then in so doing he was not a passenger, but took upon himself the risk of receiving injury in landing from and returning to the boat, and he can not recover in this action unless you find such negligence on the part of the defendant as would render it liable to a person not a passenger." The refusal of this instruction is the principal ground of error complained of by the appellant.

To sustain this proposition the appellant cites the case of *State* v. *Grand Trunk Railway Company of Canada*, 58 Maine, 176. While the syllabus of that case sustains the proposition, the facts of the case are not at all analogous to the one under consideration. That was a criminal case, and the indictment charged the company with negligently and carelessly running their locomotive against one Pullen, by means whereof he was killed. He had purchased a ticket at Auburn for Portland. The train turned out on the side track at an intermediate point to await the express train from Portland, which was behind time. The deceased got off the car while it was standing there, crossed the main track and

went behind the water tank for a necessary purpose. While there the express train signaled its approach and the conductor of the waiting train gave the usual notice for passengers to resume their seats, which the deceased did not hear, but did hear the double whistle, and thereupon rushed from behind the water tank, but not seeing the approaching train on account of the intervening water tank, undertook to recross the main track, when he was struck by the engine of the express train and so injured that he died in a few hours. Thus it will be seen that the train had not stopped at a depot for the purpose of discharging its passengers, nor was the deceased injured on account of the means of egress and ingress to the car being in any way defective and unsafe, nor does it appear that there was any negligence on the part of the agents and servants of the company. If the respondent in the case had been injured by another boat running against him after he had safely reached the wharf it would have been an analogous case.

A case is cited on the other side in 51 Georgia, which appears to be in point. (*The Montgomery and West Point Railroad Company* v. *Jesse Baring,* 51 Ga. 582.) One Baring took passage on the road of said company at Columbus, Georgia, to be carried to West Point, Georgia, for the usual fare. The train was stopped on the track at an intermediate point from half an hour to an hour in the night time, to await the arrival of another train of the company, to convey its passengers to its destination. The train stopped over an open ditch six or eight feet deep, at the bottom of which there were rocks and timbers, which ditch was known to the conductor but unknown to the passengers. There were no stationary lights by which it could be seen by him. While the train was standing there the passenger stepped out of the car, and was precipitated into the ditch and had his leg broken and was crippled for life. In that case, it was held by the court that he had the right under the circumstances to step out of the car, and that the company was liable for damages for the injuries resulting to him, on the ground of negligence.

Under the facts and circumstances of the case under con-

sideration we are of opinion that the respondent had the right to go ashore at Salem, and that appellant was obliged, through its agents and servants, to provide him a safe means of egress from the boat to its wharf.  It follows from this conclusion that it was not error to refuse the instruction requested.

The judgment is affirmed, with costs.