LUDWIG WALGER v. JERSEY CITY, HOBOKEN AND PATERSON STREET RAILWAY COMPANY.

Submitted July 8, 1904—Decided November 7, 1904.

Plaintiff was a passenger upon one of defendant company's street cars. He disembarked from that car for the purpose of transferring to another car of the company, a ticket enabling him to do so having been furnished him on the car upon which he first took passage. The point at which he alighted was the proper transfer point. After getting off the first car, and as he was about to cross over to the other car, or while he was doing so, the car which he had left started to go around a "loop," and its rear end struck him, knocked him down and injured him. *Held*, that the question of the negligence of the defendant's employes and of the contributory negligence of the plaintiff, were for the jury.

---

On error to the Supreme Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff in error, *Bedle, Edwards & Thompson.*

For the defendant in error, *Alexander Simpson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This case comes before us on the defendant's writ of error.    The grounds relied on for a reversal of the judgment are the refusal of the trial judge to nonsuit and the refusal to charge a certain request submitted on behalf of the defendant.

The plaintiff was a passenger upon one of the defendant company's cars.    He disembarked from that car for the purpose of transferring to another car of the company, a ticket enabling him to do so having been furnished him on the car upon which he first took passage.    The point at which he alighted was the proper transfer point.    After getting of the first car, and as he was about to cross over to the other car, or while he was doing so, the car which he had left started to go around what is described in the case as the loop, and its rear end struck him, knocked him down and injured him. According to the plaintiff's story, the accident happened immediately after he got off of the car and before he had taken a single step away from it.    In this situation of the case it was manifestly proper for the trial judge to refuse to nonsuit.

The request to charge submitted by the defendant and refused by the trial court was as follows: "If the plaintiff, after leaving the car, walked along the track by the side of a closed car (that is, the car which he had just left) some ten or more feet and was struck by the rear end of the car rounding a curve at a low rate of speed, there can be no recovery by the plaintiff."    This request could only properly have been charged upon the assumption that the defendant company, under the facts stated, was not guilty of the breach of any duty which it owed to the plaintiff; or that, under those facts, the plaintiff was guilty of contributory negligence. But neither of these questions were for the determination of the court.    The plaintiff was still a passenger of the

plaintiff company when he was struck. If he was taking the most direct course from the car which he had just left to the car upon which he was about to embark, it was for the jury to say whether he was not entitled to believe that he was safe in doing this, or, at least, that he would not be put in jeopardy by anything done by the company while taking this most direct route. It was also for the jury to .say whether the operation of the car, under the conditions disclosed by the request to charge, was not negligent operation and a violation of the duty which the defendant owed to the plaintiff as its passenger.

The judgment should be affirmed.