### TEXAS MIDLAND RAILROAD v. J. B. ELLISON.

Decided April 22, 1905.

**1.—Carrier of Passengers—Boarding Moving Train—Contributory Negligence.**

Where a passenger, knowing it was dangerous to do so and without any special necessity therefor, attempted to board a moving train and was injured, he was guilty of contributory negligence as a matter of law.

**2.—Same—Contributory Negligence as Issue of Fact.**

Where the passenger believes it will be safe for him to attempt to board the moving train the question of negligence in his making the attempt is usually one of fact for the jury, but it is otherwise where he testifies that he knew it was dangerous, or where the danger is so obvious that it can be said that no person of ordinary care and prudence would have attempted it.

**3.—Same.—Alighting at Intermediate Station.**

A passenger may, without losing his status and rights as such, alight from the train, from motives of curiosity or business, at an intermediate station, and it makes no difference that, at the time he alights, the train is not then immediately at the station platform, but has stopped to await the passing of another ·train on a switch track near by and within the grounds used for station purposes.

**4.—Defective Appliance—Evidence.**

Evidence of the condition of an appliance (car step) at a time remote from the date of the injury caused by it is of doubtful admissibility; and where a witness testified to the condition of the appliance as it was after the accident, his further statement that he called the attention of others to such condition, was inadmissible where there was no attempt to impeach him or show that his testimony was a recent fabrication.

**5.—Contributory Negligence—Charge.**

Where there are distinct matters of contributory negligence, it is error for the charge to require an affirmative finding of all of the several facts conjunctively before finding for defendant, when a finding of one of them entitled defendant to a favorable verdict.

Appeal from the District Court of Hunt.  Tried below before Hon. T. D. Montrose.

The following is the special charge asked by defendant, embodied in

the twenty-fourth assignment of error and referred to in the opinion: "The defendant requests the court to instruct the jury as follows: 'You are instructed that if you believe from the evidence that the plaintiff on the occasion in question attempted to board the defendant's train while the same was in motion, and that the plaintiff knew that the attempt to do so was dangerous, and that an ordinarily prudent person would not attempt to board the defendant's train while the same was in motion, at the time and under the circumstances under which the plaintiff attempted to board it, and if you believe from the evidence that in attempting to so board it the plaintiff was negligent, and that his negligence was the proximate cause or one of the proximate causes of his injury—that is to say, that the plaintiff would not have received his injury but for his attempt to so board the train at that time and under those circumstances—then you are instructed that the plaintiff can not recover, and you are instructed to return a verdict for the defendant.'" The qualification of the charge by the court was as follows: "Given with the qualification, if you believe that in boarding said train the plaintiff was guilty of contributory negligence as defined in the main charge."

*Ogden & Brooks* and *A. H. Dashiell,* for appellant.—1. Where a party attempts to board a moving train, knowing that such act is dangerous, he is guilty of contributory negligence, as a matter of law, and can not recover. Williams v. Railway, 36 S. W. Rep., 329; Oxheer v. Railway, 67 S. W. Rep., 552; Dillingham v. Pierce, 31 S. W. Rep., 207; Railway v. Shelton, 69 S. W. Rep., 656; Railway v. Gascamp, 69 Texas, 545; Mills v. Railway, 94 Texas, 242; Railway v. Dorrough, 72 Texas, 108.

2. The plaintiff in this case, having disembarked from the train at a place that was not the regular or customary place of discharging or of taking on passengers, and not his point of destination, and having left the train on business wholly disconnected with his journey, and having attempted to board it while in motion at a point on defendant's line where passengers were never received or discharged, he had ceased to be a passenger, and the defendant owed him no duty as such, and he is therefore not entitled to recover. Railway v. Foreman, 73 Texas, 314: Railway v. Cooper, 20 S. W. Rep., 990; Bullock v. Railway, 56 S. W. Rep., 784; State v. Railway, 4 Am. Rep., 565; Elliott on Railroads, vol. 1, p. 2458, sec. 2578; Hutchinson on Carriers, sec. 561a, p. 639.

3. A porter or brakeman of a train has no authority to invite a passenger to get on a moving train. Railway v. Anderson, 82 Texas, 516; Railway v. Black, 87 Texas, 160; Railway v. Perry, 27 S. W. Rep., 496.

*Yates & Carpenter,* for appellee.—1. In order that an act be deemed negligent *per se,* it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that the court can say, without hesitation or doubt, that no careful person would have committed it. Railway v. Gascamp, 7 S. W. Rep., 227; Railway v. Murphy, 46 Texas, 356; Lee v. International & G. N. Ry. Co., 36 S. W. Rep., 63.

2. Plaintiff did not forfeit his rights as a passenger under the facts and circumstances of this case. Missouri, K. & T. Ry. Co. of Texas v. Overfield, 47 S. W. Rep., 684; St. Louis & S. W. Ry. Co. v. Humphrey, 62 S. W. Rep., 791; Texas & Pac. Ry. Co. v. Goldman, 51 S. W. Rep., 275.

3. Where a carrier permits a step provided by it for the use of passengers in getting on its train to become defective, and after inviting a person to board its train, while such person is attempting to board said train, and knowing he is attempting to do so, suddenly increases the speed of the train, it ought reasonably to have foreseen injury to such person, from either the defective step, the sudden increase of speed, or both. Texas Midland Railroad v. Brown, 58 S. W. Rep., 44; San Antonio & A. P. Ry. v. Beam, 50 S. W. Rep., 411; Missouri, K. & T. Ry. of Texas v. Oslin, 63 S. W. Rep., 1039.

TALBOT, Associate Justice.—The statement of the case found in appellant's brief is substantially correct, and with a slight change, is adopted.

Appellee brought this suit against appellant for personal injuries alleged to have been received by him while attempting to board a moving train at a station on appellant's road, known as Cash. He alleges in substance that he was a passenger from Paris to Quinlan, and that the train he was on took a side or switch track at Cash, an intermediate station, to allow a north bound train to pass; that there was no depot house at Cash and no certain place there for receiving and discharging passengers; that while the train was on said switch track he got off to converse with a party standing near, about a business matter, intending to reembark and continue his journey, but that the train was started without warning, and that after it had backed onto the main line he was made to believe by signals from the servants of the appellant that it was about to go forward on its trip, and charges that he was thereby invited to get on board of said train while on the main track, and that in attempting to do so, and while the train was moving slowly, he fell and was injured. Appellee charges that appellant was negligent in having a defective step on the car which he tried to board, and in starting the train from the switch track without warning, and that it suddenly increased the speed of the train about the time he attempted to board it.

Appellant filed a general denial, and specially answered that the appellee was guilty of contributory negligence in alighting from the train at the place he did, and in attempting to board it at another place while it was in motion, and that he alighted from said train while it was standing on a sidetrack for a purpose made necessary for the operation of appellant's railroad, at a point other than plaintiff's destination, and at a point which was not provided or intended for the purpose of plaintiff's alighting therefrom. That he attempted to board said train with full knowledge of the conditions surrounding him and of the dangers incident to said negligent act, the risk of which was thereby assumed by him. The trial resulted in a verdict and judgment for the appellee for $4,000, and appellant's motion for a new

trial being overruled and notice of appeal being given, it has brought this case here for review.

At the close of the evidence appellant requested the court to charge the jury peremptorily to return a verdict for appellant. The refusal of this charge is made the basis of appellant's first assignment of error; and the first proposition urged thereunder is, that "where a party attempts to board a moving train, knowing that such act is dangerous, he is guilty of contributory negligence, as a matter of law, and can not recover." There was testimony tending to show that while appellant did not maintain a depot house at its station, Cash, it did have a platform there where passengers were received upon and discharged from its trains; that when appellee tried to get on the train and was injured, said train was some distance north of the platform and moving south in the direction thereof.

Appellee testified that he knew the time to get on a train was when it was standing still; that he knew it was dangerous to get on a moving train; that he "knew it was dangerous to effect a landing on that moving train," meaning the train he attempted to get on when hurt.

It is contended that the well established rule in this State, that it is not negligence per se for a person to attempt to get off or upon a slowly moving train, but that in such case the question of contributory negligence, ordinarily, becomes an issue of fact for the determination of the jury, is founded upon the theory or fact that, under the particular circumstances of each case in which the rule has been applied, the party attempting to alight from, or board, the train, believed that he could do so without danger; that it can not be said that an ordinarily prudent person, knowing that it would be dangerous to do so, would attempt to board a moving train; and that inasmuch as it is made to appear in this case by appellee's own declarations and admissions, made upon the witness stand, that he knew it was dangerous to attempt to board appellant's train at the time, place and under the circumstances he attempted to do so, verdict should have been for appellant. We concur in this view of the law and think the contention should be sustained. The unqualified statements of appellee are to the effect that he knew it was dangerous to get on a moving train; that he knew it was dangerous to effect a landing on appellant's train at the time and place he attempted it. It further appears that appellee had been about the station Cash a great deal; that he was familiar with the railroad tracks there and knew that appellant maintained a platform at said station, only a short distance south of where he attempted to board its train while in motion, at which appellant received upon and discharged from its train passengers; that this station was the meeting point of the north and south bound passenger trains, and that the south bound train took the side track to permit the north bound train to pass and then went back upon the main line, and stopped at the platform to enable such passengers as desired to do so to board and alight from such train. Instead of waiting for the train to stop at the platform, which it did, and get aboard while it was standing still, appellee chose a time when the train was moving and when he knew, as he says himself, it was dangerous to make the attempt to embark thereon.

The criterion, as we understand it, for determining whether the act

of a passenger in attempting to board or alight from a moving train, shall be deemed negligent per se, is, was the act under the circumstances dangerous, and was the danger known to the passenger, or so obvious that it can be said that no person of ordinary care and prudence would have committed it? The essential fact to be ascertained in determining the question is the knowledge of the danger incident to the act. If the danger was known to the party, or so apparent that any rational person must necessarily have known it, then in either case, if he voluntarily incurs the risk, we think he should be held guilty of contributory negligence as a matter of law, and a right of recovery denied. Here the appellee testified and admitted the knowledge on his part of the danger to be encountered by the attempt made to board appellant's train. Notwithstanding a knowledge of such danger, he assumed the risk and voluntarily and unnecessarily endeavors to get upon appellant's moving train, and is injured, a result that any person acquainted with the danger incident to such conduct might reasonably have expected. There was a safe way open to appellee to avoid incurring the risk of the danger known to him in attempting to get on the train when and where he did. Appellant had provided a platform at this station where it habitually stopped its passenger trains for passengers to get on and alight therefrom, all of which was well known to appellee. Appellee's admission that he knew it was dangerous to attempt to board appellant's train at the time he did so, eliminated as an issuable fact the controlling fact to be considered by the jury in determining the question of contributory negligence on appellee's part, and established so conclusively such negligence that reasonable minds could not differ in regard to it. (Williams v. Railway Co., 36 S. W. Rep., 329; Houston & T. C. Ry. Co. v. Leslie, 57 Texas, 83.) But appellee seeks to justify his conduct and support the action of the court in submitting the question of his contributory negligence to the jury, on the ground that he was invited by appellant's brakeman to board the train at the time he attempted to do so and was thereby led to believe the same would not stop at the platform. This position is assumed upon the testimony of appellee and the witness Gough, to the effect that when the train backed off the switch track onto the main track appellant's brakeman, who was then standing at the switch, "beckoned" appellee "with his hand," which he construed to mean an invitation to get on the train. We think this does not alter the case. It appears from appellee's statement that at the time the signal referred to was given the train was not moving; that before he could reach it, it had started, and had gone some little distance before he attempted to board it, and that at this time the brakeman was not present, but had boarded and was upon the train. Besides, it has been repeatedly held in effect that where the danger is known to the passenger, he would not be justified in relying upon the advice and instruction of the conductor in charge of the train, that he could alight with safety. (Railway Co. v. Rhoades, 51 S. W. Rep., 517.) Appellee states, without qualification, that he knew it was dangerous to attempt to board the train. No fact is stated or explanation given of his conduct from which it can be said that an ordinarily prudent person, under the circumstances, would have acted as appellee did. With such an unequivocal statement of the knowledge

of the danger, we think the indefinite signal or gesture of the brakeman, given at the time it was, would not relieve appellee of the responsibility of his act and render less conclusive the evidence of his contributory negligence.

The further proposition is urged under this assignment, that appellee having disembarked from the train at a place that was not the regular or customary place of discharging or taking on passengers, on business wholly disconnected with his journey, and having attempted to board it while in motion at a point on defendant's line of road where passengers were never received or discharged, he had ceased to be a passenger, and the defendant owed him no duty as such, and he is therefore not entitled to recover.

The question, under the peculiar facts of the case, we think a nice one and difficult of solution. We are not prepared to say, however, that appellant's contention should be sustained. It seems to be well settled law in this State, that a passenger on a railway train may alight at an intermediate station from motives of business or curiosity and does not thereby forfeit his right to that care and precaution required to be exercised by the railway company for his safety as such. The facts deemed necessary to state, bearing upon the question, are that at the station where appellee was hurt appellant maintains a switch track for the purpose of conducting its business at that point. The station, as has been seen, was at the time appellee received his injuries and for some time prior thereto, the meeting place of appellant's northbound and southbound passenger trains. For the purpose of enabling the northbound train to pass, the southbound train would be run in on the switch track at its north end after passing down some fifty or a hundred feet, would stop and remain standing on the sidetrack until the northbound train passed, when it would be backed out on the main track and then proceed a few hundred feet south to a platform at said station, where it would again be stopped to enable passengers to get on and off. This platform was the regular stopping place at said station for appellant's trains to receive and discharge its passengers, although passengers had been seen to get off and on the southbound trains while standing on the side or switch track, on more than one occasion. The distance from where the train upon which appellee was traveling stopped on the occasion in question, from the platform, is not definitely shown by the evidence, but it does appear that it was within the area and upon the ground used for station purposes. Now while the train upon which appellee was a passenger went upon a switch track and at the time he alighted therefrom had not reached the precise point at which passengers were regularly received and discharged at that station, yet we think the place where he did alight was so near such point that the same must be regarded as *at* said station, and that the rule applicable to passengers alighting at intermediate stations proper must control. As said in the case of Railway Co. v. Cooper, 20 S. W. Rep., 993, cited by appellant, "We do not think that the evidence here presents a case coming within the decisions holding that when the train stops elsewhere than at a station, as at a watertank, or upon a sidetrack when the stop is made for the purpose of the railroad alone, and the passenger leaves

the car, he acts at his peril, and that his negligence will prevent a recovery." We think it must be said that "side track," within the meaning of the term as used in the language quoted, refers to a switch or side track other than one situated at a station and used in connection therewith and for the transaction of the railway company's business at such station.

The evidence of the witnesses as to the condition of the step of the car appellee attempted to board, the admission of which is complained of by appellant's assignments of error numbered 2 to 11, inclusive, excepting the evidence of Tom Ellison, shows the examination of said step by the witnesses, respectively, to have been made at a time remote from the date of the accident which resulted in appellee's injury, and we doubt its admissibility, but in view of all the testimony in relation to the question, it is probable no injury resulted to appellant therefrom. It was said by this court in the case of Railway Co v. Brown, 58 S. W. Rep., 44, that "the remoteness of the examination from the time of the accident is very material on the question of the weight to be given to the circumstance, but does not affect the admissibility of the evidence, unless it is so very remote as to be wholly immaterial." We hold, however, that the testimony of the witness, Tom Ellison, as pointed out in appellant's twelfth assignment of error, to the effect that he called the attention of other parties, some time in the month of May following the accident to appellee, to the condition of said step, was inadmissible and should have been excluded. No attempt had been made to show that this witness's testimony in regard to the condition of the step was a recent fabrication, or to impeach him. Nor is any other fact shown that would authorize its admissibility.

The ninth paragraph of the court's charge reads: "Or if you believe from the evidence that the plaintiff got off from defendant's train while it was standing on the side track made necessary for the operation of defendant's railway, at a point other than his destination, and at a point which was not provided or intended for the plaintiff's alighting therefrom, and if you believe that plaintiff attempted to board the train while the same was in motion as it was approaching along the main line to the platform at Cash, and if you further believe that the plaintiff was guilty of contributory negligence, as above defined, in alighting from the train, at the said time and place, and in attempting thereafter to board the same, you will find for the defendant." This paragraph of the court's charge is assailed on the ground that it requires the jury to find a number of facts conjunctively in order to find for appellant, when a finding of either would have authorized a verdict in its favor. We think the charge in a measure subject to the criticism made. If appellee was guilty of contributory negligence in attempting to board appellant's train at the time and place the attempt was made, then in no event could he recover; and in such case it became immaterial whether he did or did not get off the train at a point which was not provided or intended for him to alight, or whether he was guilty of negligence in alighting from the train. It will be observed that the charge complained of required an affirmative finding of all such facts before the jury were authorized to find for appellant, and in this respect we think it clearly erroneous.

We are also of the opinion that appellant's special charge number 5, as shown by appellant's twenty-fourth assignment of error, should have been given without any qualification whatever. It expresses, in our opinion, in the language as requested, a correct proposition as applicable to the facts of the case, and the qualification of it by the language of the court endorsed thereon was calculated to mislead the jury.

We have examined assignments of error not discussed and believe, if any error is pointed out by them, it will not occur upon another trial.

We have been asked to reverse the judgment of the court below and render judgment here for appellant. Our holding under appellant's first assignment of error would probably indicate that this might be done, but after a careful consideration of the record we think this should not be done, and for the reasons indicated the judgment of the court below is reversed and the cause remanded for a new trial.

*Reversed and remanded.*