VINCENZO ZECCARDI, Respondent, v. THE YONKERS RAILROAD COMPANY, Appellant.

CARRIERS — WHEN NOT LIABLE FOR ASSAULT ON PASSENGER BY EMPLOYEE. While one during his journey may alight from a railroad car without losing his status as a passenger, and the company is an absolute guarantor of the safety of a passenger against the assault of its employees, it is not liable for an assault upon a passenger who, alighting from the car for the purpose of intervening to end a fight between the conductor and another passenger, was assaulted by the motorman, since his injuries resulted from an undertaking entirely disconnected with the contract of carriage.

*Zeccardi* v. *Yonkers R. R. Co.*, 113 App. Div. 649, reversed.

(Argued December 2, 1907; decided December 20, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 15, 1906, reversing a judgment in favor of defendant, entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles F. Brown, Anthony J. Ernest* and *Henry A. Robinson* for appellant. As a matter of law, the plaintiff Zeccardi terminated his contract relation as a passenger when he left the street car. (*Platt* v. *F. S. St., etc., R. Co.*, 4 T. & C. 406; 2 Hun, 124; *McKay* v. *Hudson River Line*, 56·

App. Div. 201; *Reilly* v. *N. Y. City Ry. Co.*, 91 N. Y. Supp. 319; 3 Thomp. on Neg. 624, § 3186; *Creamer* v. *W. E. Ry. Co.*, 156 Mass. 320; *Duchemin* v. *B. El. Ry. Co.*, 186 Mass. 353; *Buzby* v. *P. T. Co.*, 125 Penn. St. 559; *Conway* v. *St. Ry. Co.*, 87 Me. 283; *Fielders* v. *N. J. St. Ry. Co.*, 68 N. J. L. 343; *Harten* v. *St. Ry. Co.*, 18 App. Cas. 260; *W. C. St. Ry. Co.* v. *Walsh*, 78 Ill. App. 595.) As a matter of law, it was beyond the scope of the motorman's employment to assault Zeccardi upon the street. (*Priest* v. *H. R. R. R. Co.*, 65 N. Y. 589; *Girvin* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 289; *Penny* v. *N. Y. C. & H. R. R. R. Co.*, 34 App. Div. 10; *Ryan* v. *H. R. R. R. Co.*, 1 J. & S. 137; *McGilvray* v. *W. E. St. Ry. Co.*, 164 Mass. 122; *C. Ry. Co.* v. *Peacock*, 69 Md. 257; *Palmer* v. *W. S. Ry. Co.*, 131 N. C. 251; *Crocker* v. *N. L., etc., Ry. Co.*, 24 Conn. 249; *Chicago & E. R. R. Co.* v. *Stratton*, 111 Ill. App. 142; *Hanson* v. *U., etc., St. Ry. Co.*, 75 Ill. App. 474.)

*F. X. Donoghue* for respondent. The plaintiff having paid his fare after entering the defendant's car, the relation of carrier and passenger was thus created and he was entitled to be carried to his destination and to be protected against unlawful injuries from defendant's employees, and whether he was a passenger or not was a question for the jury. (*Palmeri* v. *M. R. Co.*, 133 N. Y. 261.) Whether the conductor was acting within the scope of his authority or not in causing the arrest of the plaintiff, the defendant is liable for damages. (Thomp. on Neg. § 3186; *Barry* v. *U. R. R. Co.*, 105 App. Div. 520; *Collins* v. *Butler*, 179 N. Y. 161; *Newson* v. *I. S. R. R. Co.*, 95 App. Div. 114; *Lynch* v. *M. E. Ry. Co.*, 90 N. Y. 77; *Dwinelle* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 117; *Stewart* v. *B. & C. R. R. Co.*, 90 N. Y. 588; *Palmeri* v. *M. R. Co.*, 133 N. Y. 261; *Gillespie* v. *B. H. R. R. Co.*, 178 N. Y. 347.)

*Per Curiam.* The plaintiff was a passenger on the defendant's car. The conductor became involved in an altercation with another passenger, a friend of the plaintiff's, about the

payment of fare. That passenger was ejected from the car, and he and the conductor were engaged in a fight outside of the car upon the ground, the car being stopped at the time. The plaintiff testified : "The conductor and the other fellow were in the crowd. I did not know what the quarrel was for. When the car stopped I went over to separate the fight. Before I could reach those two men the motorman took hold of me and knocked me down and punched me." Subsequently the conductor charged the plaintiff, in a Police Court, with having assaulted him. The plaintiff was acquitted. For the assault and false charge the plaintiff sues the defendant railroad company. We are of opinion the company was not liable. A carrier is an absolute guarantor of the safety of its passengers against the assaults of its employees while it is performing its contract of carriage. (*Stewart* v. *Brooklyn & Crosstown R. R. Co.*, 90 N. Y. 588.) It is also true that a passenger, during his journey, may alight from the car without losing his status as passenger. (*Parsons* v. *N. Y. Central & H. R. R. R. Co.*, 113 N. Y. 362.) In this case, however, the wrongs for which the plaintiff seeks redress were suffered when the plaintiff entered upon an enterprise totally disconnected with the carriage. His intervention to end the quarrel which was taking place on the street between the conductor and the other passenger may have been, and doubtless was, on his statement, praiseworthy, but it occurred neither on the defendant's car nor on its property, and was a matter wholly foreign and disconnected with the defendant's contract of carriage. The fact that one of the combatants was the defendant's conductor did not alter the relation the defendant would have borne to it had it been a contest entirely between strangers. Had the plaintiff been assaulted for trying to alight from the car or trying to again obtain entrance in it a very different question would be presented. His injuries were occasioned during his voluntary intervention in a quarrel, as to which the defendant owed him no duty. He, doubtless, should recover from the person who inflicted the wrong, but he cannot hold the defendant liable.

The order of the Appellate Division should be reversed and the judgment entered upon the nonsuit affirmed, with costs in all courts.

CHASE, J. (dissenting). Four men, including the plaintiff, boarded one of the defendant's cars at Yonkers to go to Fordham. It was an open car, and three of the men, not including the plaintiff, sat together upon one of the cross seats. The plaintiff sat on a seat behind the other three. Before reaching Fordham an altercation arose between one of the men, other than the plaintiff, and the conductor of the car in regard to the amount of change returned by the conductor from a bill tendered by the man in payment of his fare. The man in dispute with the conductor attempted to stop the car, and he rang the bell several times. The conductor then attempted to eject him. The car was stopped and the motorman came to the conductor's assistance, and together they pulled him from the seat. In the affray the conductor's pocket was torn and the money in his pocket was scattered on the floor of the car. After the man was dragged from the car a fight ensued on the ground by the side of the car. The plaintiff did not in any way take part in the controversy or the fight. The only testimony affecting the plaintiff is given by himself, and it is as follows:

"I do not know what the quarrel was for. When the car stopped I went over to separate the fight. Before I could reach those two men the motorman took hold of me and knocked me down and punched me, and while I was on the ground still he struck me. I was kind of dazed and they took me and put me in front of the extra car and brought me to the police station in Yonkers."

It does not appear that the plaintiff struck or took hold of any one. After the plaintiff had been knocked down by the motorman, the conductor and motorman carried him to another car, on which he was detained, and subsequently taken back to Yonkers, where a criminal charge was made against him for an assault.

Whatever may be the truth about this controversy, it now appears without contradiction from the fragmentary and very unsatisfactory record that the plaintiff was wholly free from any fault or intentional wrong. He not only did not engage in the fight, but he had no intention of engaging in the fight. Without an avowed or apparent intention of abandoning his journey or his rights as a passenger, he temporarily stepped from the car for the purpose of separating the conductor and a fellow-passenger who were engaging in the fight and thus preventing the car from proceeding on its journey. Can it be true that if a person temporarily steps from a car to aid in removing an obstacle from the track or in properly releasing an employee of the railroad company from enforced detention, that he thereby loses the right to be carried in the car to his intended place of destination?

The plaintiff's complaint was dismissed by the court without a motion made therefor by the defendant and before the plaintiff had presented all of his testimony. If a new trial had been taken herein it is very possible that it would have resulted in showing the whole matter in a very different light, but it does not appear from the facts as they are now presented that the plaintiff disobeyed any rule of the railroad company. He did not interfere with the defendant's servants or so conduct himself as to justify the assault upon him or his detention. If the plaintiff retained his identity as a passenger and the relation of carrier and passenger continued between the plaintiff and defendant the defendant is liable for the battery and for the improper detention. (*Stewart* v. *Brooklyn & Crosstown R. R. Co.*, 90 N. Y. 588; *Dwinelle* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 117; *Palmeri* v. *Manh. R. Co.*, 133 N. Y. 261; *Gillespie* v. *Brooklyn H. R. R. Co.*, 178 N. Y. 347.)

It was the defendant's duty to safely carry the plaintiff as a passenger to his destination. Instead of carrying him to his destination he was by the defendant's servants forcibly prevented from continuing his journey and forcibly put upon a car in which he was taken in the opposite direction from

that desired by him. On the facts as they now appear the plaintiff had not as a matter of law so lost his identity as a passenger as to justify the dismissal of his complaint. (*Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 355, 362.)

The order should be affirmed and judgment absolute ordered against the appellant on the stipulation, with costs in all courts.

Cullen, Ch. J., O'Brien, Edward T. Bartlett, Haight and Vann, JJ., concur with *per curiam* opinion ; Hiscock, J., concurs with Chase, J.

Ordered accordingly.