## MOORE *v.* LOUISIANA & ARKANSAS RAILWAY COMPANY.

### Opinion delivered May 15, 1911.

1. CARRIERS—FALSE ARREST OF PASSENGER—COMPLAINT.—A complaint against a railroad company alleged that plaintiff was a passenger upon appellee's train, having purchased a ticket to his destination; that, before reaching his destination, the train auditor wrongfully, maliciously and falsely and without reasonable cause procured plaintiff's arrest for larceny, removal from the train and imprisonment; that he was innocent of the charge, and lost his train and was compelled to hire a conveyance to his destination. *Held* to state a cause of action without alleging that the auditor was acting within the scope of his authority. (Page 235.)

2. SAME—LIABILITY TO PASSENGERS.—A carrier of passengers is an insurer of the safety of the passengers against wilful assaults by, and intentional ill treatment from, its servants and agents, whether in charge of the train or not, the performance of whose duties relate to the comfort or safety of the passengers and require them to come in contact with such passengers. (Page 235.)

Appeal from Hempstead Circuit Court; *Jacob M. Carter,* Judge; reversed.

#### STATEMENT BY THE COURT.

Appellant brought an action for damages against appellee upon the following complaint:

"The plaintiff, Solomon Moore, states that on the 29th day of December, 1908, he purchased of the defendant, Louisiana & Arkansas Railway Company, a railroad corporation operating a line of railway from Hope, Arkansas, to some point in the State of Louisiana, a ticket from Stamps, Arkansas, to Sibley, Louisiana; that he paid the said defendant company for said ticket, and entered one of its cars and became a passenger on its said train; that he was carried as a passenger upon said ticket to Minden, Louisiana, and at said point the auditor of the said defendant's train in charge thereof wrongfully and falsely accused the plaintiff of having stolen a certain watch fob which the plaintiff then had in his possession; wrongfully, maliciously and falsely, and without reasonable cause, caused the plaintiff to be arrested and removed from said train and imprisoned for the space of about one half hour; that the plaintiff was entirely innocent of the said charge of larceny, and was publicly arrested in said car, and taken

through the streets of the town of Minden to a public bank where he was further publicly accused of said larceny, and thereafter, without taking him before any magistrate for trial, the officer whom the defendant's auditor had caused to arrest plaintiff liberated him, and that no charge was ever preferred against him in any court; that while in said train the said auditor caused the officer whom he had secured to wrongfully take from the possession of the plaintiff the said watch fob, which has never been delivered back to him; that the plaintiff lost his train, and was compelled to hire a conveyance at the cost of one dollar to transport him to Sibley, the place to which he had purchased a ticket; that he was greatly humiliated and mortified and chagrined by being publicly arrested for the alleged crime of larceny; that he has been damaged thereby in the sum of twenty-five hundred ($2,500) dollars; that said arrest was wrongful, malicious and without any just or reasonable cause, and that plaintiff is entitled to receive a further sum of twenty-five hundred ($2,500) dollars as punitory damages. He therefore prays judgment for five thousand ($5,000) dollars and for costs and for all general and special relief."

A general demurrer was interposed to the complaint and sustained by the court, and, plaintiff declining to plead further, the complaint was dismissed, and from this judgment plaintiff appealed.

*E. W. Rector,* for appellant.

The complaint states a cause of action for a violation of the contract of carriage between the appellee and appellant.

A carrier is bound by the contract of carriage, not only to protect the passenger, during the existence of the contract, from the assaults of fellow passengers and third parties, but also from assaults and malicious injuries of its own employees. 2 White, Personal Injuries on Railroads, § 727; *Id.* § 728; *Id.* § 737; 36 Wis. 657; 106 Mass. 180; 104 Mass. 117; 55 U. S. 486; 14 How. 509; 121 U. S. 637; 21 How. 210; 46 N. Y. 27; 90 N. Y. 591; 126 Ill. App. 21;; 108 S. W. 1125; 92 Ind. 371; 47 Am. Rep. 149; 83 N. E. 31; 22 S. W. 631; 70 S. W. 159; 21 Mo. App. 399; 43 Mo. App. 526; 82 Ark. 289; 67 Ark. 47.

*Henry Moore* and *Henry Moore,* Jr., for appellee.

The demurrer was properly sustained. The complaint does not allege that the auditor was acting within the real or apparent scope of his authority in causing the arrest. Huffcut on Agency, (2 ed.) 295; 58 Ark. 384; 65 Ark. 149; 87 Ark. 524; 88 Ark. 587; 93 Ark. 403.

KIRBY, J., (after stating the facts). It is contended that the complaint is insufficient because it does not allege that the auditor was acting within the scope of his authority.

It alleges that appellant was a passenger upon appellee's train, having purchased a ticket from Stamps, Arkansas, to Sibley, Louisiana, and that upon reaching Minden, Louisiana, the auditor in charge of the train wrongfully and falsely accused appellant of larceny, and wrongfully, maliciously and falsely and without reasonable cause caused the appellant to be arrested and removed from the train and imprisoned, that he was entirely innocent of the charge of larceny and, following other allegations of his arrest and the taking of the property from him and his public humiliation, his liberation without any charge being preferred against him in court, that he lost his train and was compelled to hire a conveyance to complete his journey to his destination, Sibley.

The complaint sufficiently alleges a violation of the contract of carriage by the railway company and its duty to him as a passenger, and it was not necessary to state that the auditor who was alleged to be in charge of the train was acting within the scope of his authority in causing his wrongful arrest and removal from the train. A carrier of passengers is an insurer of the safety of the passenger against wilful assaults by, and intentional ill treatment from, its servants and agents in charge of the train, as the auditor was alleged, and by the demurrer admitted, to be.

It is so responsible for such conduct upon the part of any servant, whether in charge of the train or not, the performance of whose duties relate to the comfort or safety of the passengers and furnish opportunity or require him to come in personal contact with them. *St. Louis, I. M. & S. Ry. Co.* v. *Dowgiallo,* 82 Ark. 289; *St. Louis & S. F. R. Co.* v. *Kilpatrick,* 67 Ark. 47; *Baumstein* v. *N. Y. City Ry.,* 107 N. Y. Sup. 23; *Zeccarde* v.

*Yonkers R. Co.,* 83 N. E. 31; White's Personal Injuries on Railroads, vol 2, § § 728, 737.

In *Mayfield* v. *St. Louis, I. M. & S. Ry. Co.,* 97 Ark. 24, after defining the duty of the carrier to protect its passengers from assault and injury during the performance of the contract of carriage, the court said: "It is therefore liable for any wrongful arrest of a passenger made or procured by its servants in charge of the train; and it is also liable for an illegal arrest of the passenger made by others which in the exercise of due diligence it could have prevented." (Citing authorities.)

The complaint is sufficient, and the court erred in sustaining the demurrer, and the judgment is reversed, and the cause remanded with directions to overrule it and for further proceedings according to law.