### CLEVE RY CO v HUNTER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9046, Decided, Dec 24, 1928

Squire, Sanders & Dempsey, Cleveland, for Cleve Ry Co.

Spear, Godfrey & Spear, Cleveland, for Hunter.

SHIELDS, PJ, HOUCK & LEMERT, JJ, of the 5th Dist sitting.

**LEMERT, J**

The record in this case shows that the plaintiff, was a passenger upon the interurban car of the Northern Ohio Traction and Light Company, returning from a visit at Akron, Ohio, and upon return to the City of Cleveland, Ohio, reached the City of Cleveland, Ohio, at East 55th Street and Broadway at about eight o'clock at night; and as plaintiff got off at the rear end of the car and facing away from the car and after she alighted from the car, turned to receive her four-year-old son and took hold of the hand rail at the right of the rear door and immediately after taking hold of said hand rail the motorman of the car suddenly gave the car a quick and sudden lurch with such force and violence that it dislocated the arm of the defendant in error.

It is contended by plaintiff in error that the court should have directed a verdict because there was no negligence proximately causing the alleged injury.

We find from the record of the case that when the plaintiff got off the car, she turned around and grasped the hand rail of the car and reached up with her other hand to assist her little boy to alight. This occurred at the regular stopping place and the testimony further shows that the car had stopped at said place for the purpose of discharging passengers. Defendant in error had not ceased to be a passenger until she had left the car and entered upon an enterprise utterly disconnected from the carriage.

On this point we cite Zeccardi vs. Yonkers Railway Company, 190 N. Y. 389; 83 N. E. 31.

The motorman started the car without any signal from the conductor, at a time when he was supposed to have been stopping to discharge passengers. Surely such negligence is actionable and plaintiff has a perfect right to recover in the premises. **Ashtabula Rapid Transit Company vs. Holmes, 67 O.S. 153; Reining vs. The Northern Ohio Traction and Light Co., 107 O.S. 528.**

Upon the theory that defendant in error was a passenger in this car, certainly she had a right to avail herself of any of the conveniences provided for passengers; the hand rail on the car was provided for the convenience of passengers alighting upon and from said car. The injury was caused solely by the negligence of defendant's employee and said injuries were the proximate result of the negligence complained of.

As to the relationship of passenger and carrier that subject is very fully and ably discussed in the case of **Traction Company vs. Holzenkamp, 74 O.S. 379.**

As to plaintiff in error's contention that there was no evidence that the plaintiff in error had any control as licensor over the operation of this interurban car, we note that, on pages 51 and 52 of the record, it was admitted that the Northern Ohio Traction and Light Company and the Northern Ohio Power and Light Company are Licensees under agreement with The Cleveland Railway Company, for the operation of interurban cars over the tracks owned by and belonging to The Cleveland Railway Company in the City of Cleveland, Ohio.

With this admission made that The Northern Ohio Traction and Light Company or The Northern Ohio Power and Light Company were licensees under agreement with The Clevelad Railway Company for the operating of interurban cars over tracks owned and belonging to The Cleveland Railway Company in the City of Cleveland, Ohio, then the plaintiff in error admitted liability for actionable negligence upon the part of the employees of The Northern Ohio Traction and Light Company or The Northern Ohio Power and Light Company **Section 9120 General Code: Quigley vs. Railway Company, 89 O.S. 68, 105 N. E. 185.**

It was not error of the court in its charge to the jury to so chrage that the acts of the employees in the case at bar of The Northern Ohio Traction and Light Company should be considered as the acts of the employees of The Cleveland Railway Company.

Judgment of the court below will be affirmed. Exceptions may be noted.

Shields, PJ, and Houck, J, concur.