■ CONNIE SOWELL, Respondent, v. ROBERT LAURIE et al., Appellants.— Judgment unanimously reversed on the law and the facts, and a new trial ordered, with $50 costs and disbursements to abide the event. Plaintiff seeks to recover for personal injuries sustained while crossing a street. He was struck first by a car owned and operated by defendant Robert Laurie and then by a car owned by defendant Joshua Zendel. The most sensitive issue in the case was that of plaintiff's contributory negligence. After deliberating for some time the jury returned with a request for instructions from the court, as follows: " Can the jurors find contributory negligence on the part of both the plaintiff and the defense?" It is apparent from the question the jurors asked, that there was some misunderstanding, or lack of understanding as to the nature and application of the doctrine of contributory negligence. Instead of answering the question directly and giving the jurors the enlightenment they sought, the court merely had the entire charge reread, stating that the question the jurors propounded was a "wide" one and could not be answered categorically. There appears to be no reason for having had the entire charge reread in answer to the simple question put forth by the jurors. If the jurors did not understand the charge the first time it was read it cannot be assumed that a second reading would clarify the problem that seemed to be troubling them. It is also to be noted that the original charge on contributory negligence, while not incorrect, was not as comprehensive or clear as it should have been. The charge itself does not seem to give any guidance to the jury as to what its verdict should be in the event it found both plaintiff and defendants negligent. Accordingly, the judgment should be reversed and a new trial ordered. Concur — Botein, P. J., Rabin, Stevens, Steuer and Capozzoli, JJ.

■ LOUIS J. LANDY et al., Respondents, v. NORWEGIAN AMERICA LINE AGENCY, INC., et al., Appellants.— Order entered May 27, 1966, denying defendants' motion to dismiss the second cause of action, unanimously reversed, on the law, with $50 costs and disbursements to defendants-appellants, and the motion granted. The alleged discourteous language leveled at plaintiffs is regrettable but not actionable absent allegations of special damages. (*Villemin* v. *Brown*, 193 App. Div. 777.) Plaintiffs do not contend otherwise; they assume for this appeal that the utterance is not slanderous per se and rely on the breach of the carrier's duty to refrain from abusing its passengers. A common carrier is liable to a passenger for humiliation and injury to feelings consequent on the abuse and impudence of its employees. (*Gillespie* v. *Brooklyn Heights R. R. Co.*, 178 N. Y. 347.) Here, however, the occurrence was not on the cruise ship and not related to the contract of carriage. (*Zeccardi* v. *Yonkers R. R. Co.*, 190 N. Y. 389, 391.) Concur — Breitel, J. P., McNally, Stevens, Steuer and Capozzoli, JJ.